NYCTL 1998-2 Trust & Bank of N.Y. v Reverend C.T. Walker Hous. Dev. Fund Corp. (2020 NY Slip Op 05289)





NYCTL 1998-2 Trust & Bank of N.Y. v Reverend C.T. Walker Hous. Dev. Fund Corp.


2020 NY Slip Op 05289


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 153500/2014 Appeal No. 11909-11909A Case No. 2018-5892 

[*1]NYCTL 1998-2 Trust and Bank of New York as Collateral Agent, Plaintiff-Respondent,
v
Reverend C.T. Walker Housing Development Fund Corporation, et al., Defendants, Keith Alfieri, Nonparty Appellant.


Lawrence Spivak, Jamaica, for appellant.
Ellen Rothstein Attorney at Law, New York (Ellen Rothstein of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered on or about February 8, 2019, which directed the release of the deposit of nonparty appellant Kevin Alfieri (Alfieri) to plaintiff, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 17, 2018, unanimously dismissed, without costs, as superseded by the February 8, 2019 order.
The motion court properly determined that Alfieri, the successful bidder at the foreclosure sale, was not entitled to the return of any part of his deposit after failing to tender the full 10% deposit required under the terms of sale. Paragraph seven of the terms of sale provided that in such circumstances, "[a] purchaser who defaults under these Terms of Sale shall not be entitled to a refund of any amount deposited with the Referee or to any excess resulting from any resale of the premises." Alfieri does not deny that he was bound by the terms of sale under the stipulation (Gordon v Schaeffer, 176 AD3d 431 [1st Dept 2019]; NYCTL 1996-1 Trust v EM-ESS Petroleum Corp., 57 AD3d 304, 306 [1st Dept 2008]). Therefore, Alfieri's entire deposit was properly released to plaintiff under the terms of sale and the stipulation between Alfieri and the parties which incorporated the terms of sale.
Alfieri's failure to perform the due diligence necessary to discover the restrictive covenant on the property likewise provides no basis for disturbing the motion court's order (see e.g. U.S. Bank N.A. v Martinez, 162 AD3d 528, 528-529 [1st Dept 2018]). Here, the terms of sale stated that the property was being sold "as is" and subject to any "covenants, restrictions, easements, and . . . agreements of record, if any." The restrictive covenant of which Alfieri complains was a public record which could have been discovered through a search of the City Register's documents or through a review of the electronically filed documents in the foreclosure action. Therefore, any mistake as to the restrictive covenant was unilateral on Alfieri's part (Crossland Mtge. Corp. v Frankel, 192 AD2d 571, 572 [2d Dept 1993], lv denied 82 NY2d 655 [1983]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020